O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER TODD BROWN, | ) Case No. 2:23-cv-05926 DDP (PDx) |
| Plaintiff, | ) **ORDER DENYING IN PART AND GRANTING IN PART DEFENDANTS' MOTION TO DISMISS** |
| v. | ) |
| CALIFORNIA HIGHWAY PATROL OFFICER M. SOTO; CALIFORNIA HIGHWAY PATROL OFFICER D. ENGLISH; and DOES 1-20, | ) [Dkt. 15] |
| Defendants. | ) |

Presently before the court is Defendants' Motion to Dismiss Plaintiff's Complaint. Dkt. 15 ("*Mot.*"). Plaintiff opposed. Dkt. 17 ("*Opp.*"). Defendants replied. Dkt. 18 ("*Reply*"). Having considered the parties submissions and heard oral argument, the court adopts the following order granting in part and denying in part Defendants' motion.

**I. BACKGROUND**

Shortly after midnight on July 24, 2021, Plaintiff Christopher Todd Brown ("Brown") was pulled over by Defendants California Highway Patrol ("CHP") Officer Soto and Officer English (collectively "Defendants"). Dkt. 14, First Amended Complaint

("FAC") ¶ 13–14.  One of the CHP officers asked Brown if he had been drinking and Brown told the officer he had drank beer within the previous two hours.  *Id.* ¶ 15.  Brown was asked to perform several field sobriety tests (FSTs) which, he alleges, he did without incident.  *Id.* ¶ 16.  Brown alleges that after completing several FSTs, he requested a Sergeant be called to the scene and Officer Soto attempted to dissuade him from calling a Sergeant.  Brown further alleges that Officers Soto and English then assaulted him, including grabbing and throwing him to the ground "without any legal justification."  *Id.* ¶ 17.

Brown was arrested, and the police report prepared by Officer Soto recommended Brown be charged with driving under the influence, driving with blood alcohol of 0.08% or greater, lack of insurance, and delaying, obstructing or resisting arrest, as well as with enhancements for refusing a chemical test and driving with blood alcohol of 0.15% or greater.  *Id.* ¶ 18.  The police report stated, falsely according to Brown, that Officers Soto and English grabbed Brown because he attempted to run between them and that the officers unintentionally fell on to Brown.  *Id.* ¶ 17.  The dashboard camera ("dash cam") did not capture audio during this period of time, which Brown alleges is the result of manipulation or foul play by Defendants and that other aspects of the recording may have been manipulated as well.  *Id.* ¶ 17.

Brown alleges that he suffered serious injuries as a result of the force used by Officers Soto and English, including a torn rotator cuff, shoulder injuries, and back injuries.  *Id.* ¶ 19.  Brown also alleges that medical care for his injuries was delayed until a blood draw for a blood alcohol test was administered despite his willingness to take a breath test.  *Id.* ¶ 20.  Subsequently, all charges against Brown were dropped.  *Id.* ¶ 21.  He did, however, retain counsel to represent him in Department of Motor Vehicle ("DMV") proceedings.  *Id.* ¶ 22.  Further, Brown alleges that he suffered, in addition to his physical injuries, severe emotion distress and psychosocial injuries as well as lost income due to his incarceration and injuries.  *Id.* ¶ 23–24.

1  Brown filed the operative complaint asserting claims under 42 U.S.C. § 1983 for:
2  (1) excessive force; (2) malicious prosecution/false reports/conspiracy; and (3) deliberate
3  indifference to serious medical needs.  *See generally* FAC.  Defendants move to dismiss
4  several causes of action under Federal Rule of Civil Procedure 12(b)(6) for failure to state
5  a claim and assert Defendants are entitled to qualified immunity for the excessive force
6  and deliberate indifference to medical needs claims.[1]  *See generally Mot.*

**II. LEGAL STANDARD**

Dismissal is warranted under Federal Rule of Civil Procedure 12(b)(6) when the complaint fails to state a claim upon which relief can be granted.  Fed. R. Civ. P. 12(b)(6).  A complaint must contain "enough facts to state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  Facial plausibility requires the plaintiff to plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  In resolving a 12(b)(6) motion to dismiss, the Court accepts as true the factual allegations in the complaint, construing them in the light most favorable to the plaintiff, and determines whether they plausibly give rise to an entitlement to relief.  *See id.*  But a court is "not bound to accept as true a legal conclusion couched as a factual allegation."  *Id.* (quoting *Twombly*, 550 U.S. at 555).  The determination of whether a complaint satisfies the plausibility standard is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  *Id.* at 679.

---

[1] Defendants' motion seeks dismissal of a false arrest claim.  *Mot*. 4:4–7:9.  However, Brown amended his complaint to remove this cause of action prior to the Defendants submitting their motion to dismiss.  *See Opp.* 3:5–8; *see generally* FAC.  Accordingly, the Court will not address the arguments to dismiss the false arrest claim and will focus only on the claims in the operative complaint, Dkt. 14.

3

## III. DISCUSSION

### A. Excessive Force Claim

Brown alleges Defendants deprived him of his Constitutional rights by using excessive and illegal force when they grabbed him and threw him to the ground during the stop. *See* FAC ¶¶ 17, 26. Defendants argue that the excessive force claim must be dismissed for failure to state a claim and that they are entitled to qualified immunity. *See Mot.* 7:10–8:22.

Defendants assert that Brown's excessive force claim must be dismissed because Brown has "failed to allege any facts showing that Defendants were neither provoked nor justified in their actions." *Mot.* 8:1–2. However, the FAC does allege facts from which a reasonable inference can be drawn that Defendants' use of force was neither provoked nor justified. Brown alleges he performed several FSTs indicating that he was complying with the officers' requests. FAC ¶ 17. Further, Brown specifically alleges that force was used "without legal justification" from which it can be inferred there was no provocation and Brown was complying. *Id.* Ultimately, Defendants' argument seems to rest upon their alternative version of events in which Brown was resisting arrest and these conflicting narratives cannot be resolved at this early stage of litigation without developing the factual record. Defendants further assert that Brown has failed to "specify which Defendant grabbed him and threw him to the ground as required for Section 1983 pleadings." *Mot.* 8:3–4. However, Brown's complaint does specify that it was Officers Soto and English who grabbed and threw him to the ground. FAC ¶ 17. The Court finds that Brown has sufficiently alleged his excessive force claim and Defendants arguments to the contrary unavailing.

Additionally, Defendants contend that they are entitled to qualified immunity regarding the excessive force claim. *Mot.* 8:9-22. Specifically, Defendants argue that Brown "must cite a case clearly establishing that officers can be held liable for excessive

4

force in similar circumstances where officers grab and bring a suspect down to the ground during a stop that escalates to an arrest for a DUI." Mot. 8:17–20.

Qualified immunity shields Government officials from civil liability unless their conduct "violate[s] clearly established statutory or constitutional rights." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). Whether an officer is entitled to qualified immunity is a two-step inquiry in which a court must decide: (1) "whether the facts that a plaintiff has alleged or shown make out a violation of a constitutional right," and (2) "whether the right at issue was clearly established at the time of defendant's alleged misconduct." *Pearson v. Callahan*, 555 U.S. 223, 232 (2009).

Generally, qualified immunity should be resolved "at the earliest possible stage of litigation." *Hunter v. Bryant*, 502 U.S. 224, 227 (1991). However, to evaluate a Fourth Amendment excessive force claim, the Court must determine "whether the officers' actions are 'objectively reasonable' in light of the facts and circumstances confronting them." *Graham v. Connor*, 490 U.S. 386, 397 (1989). The "objective reasonableness" of an officer's use of force is nearly impossible to assess on a motion to dismiss because the issue typically turns on factual questions. *See Via v. City of Fairfield*, 833 F. Supp. 1189, 1195 (E.D. Cal. 2011). As discussed above, simply taking the allegations in complaint as true, as the Court must, there was no need for the force and, therefore the force was objectively unreasonable. *See PB v. Koch*, 96 F.3d 1298, 1303 n.4 (9th Cir. 1996); *see also Groten v. California*, 251 F.3d 844, 851 (9th Cir. 2001). However, Defendants would still be entitled to qualified immunity if their argument that the right at issue was not clearly established is correct.

"To be clearly established, a right must be sufficiently clear that every reasonable official would have understood that what he is doing violates that right." *Reichle v. Howards*, 566 U.S. 658, 664 (2012) (internal citations and quotation marks omitted). Defendants argue that Brown must cite a case in which the officers grabbed and threw a suspect to the ground during a stop which ultimately led to a DUI arrest. *Mot*. 8:17–20.

5

However, this level of factual similarity is not what it demanded. The law "do[es] not require a case directly on point, but existing precedent must have placed the statutory or constitutional question beyond debate." *Ashcroft v. al-Kidd*, 563 U.S. 731, 741 (2011). Based on the facts alleged by Brown, every reasonable officer would have known that such use of force violated Brown's rights.

In this Circuit, "the right to be free from any kind of non-trivial force where the plaintiff either did not resist or only passively resisted the officer," has long been clearly established. *Rice v. Morehouse*, 989 F.3d 1112, 1126 (2021). The Ninth Circuit has specifically found grabbing and throwing a suspect to the ground without justification to be excessive. See *Meredith v. Erath*, 342 F.3d 1057, 1061 (9th Cir. 2003). In *Meredith*, the officers use of force was in response to the plaintiff "passively resisting" by requesting a search warrant. *Id.* Similarly, here, the only "resistance" alleged in the complaint was Brown's request for a Sergeant to be called to the scene. FAC ¶ 17. The facts of *Meredith* are sufficiently similar to those alleged by Brown to clearly establish grabbing Brown and throwing him to the ground for requesting a Sergeant be called violated his Fourth Amendment rights. Therefore, Defendants are not entitled to qualified immunity on this basis.

Thus, the Court DENIES Defendants' Motion to Dismiss the First Claim of Excessive Force.

### B. Malicious Prosecution/False Reports/Conspiracy Claim

Brown's second claim alleges a violation of his Constitutional rights based on malicious prosecution, false reports, and conspiracy. *See* FAC ¶ 31–36. Though the complaint does not distinguish among these claims, the Court will address each separately. Defendants initially sought dismissal of all three causes of action. *See Mot*. 8:23–13:3. However, in their reply, Defendants withdrew their request to dismiss the malicious prosecution claim. *Reply* 2:27–28. Thus, the Court will not address those arguments.

6

As for Brown's conspiracy claim, Brown's opposition did not address or even acknowledge Defendants' arguments regarding the conspiracy claim. *See Opp.* 7:5–8:5. The Court construes the failure to do so as abandonment of the conspiracy claim. *See Jenkins v. Cnty. of Riverside*, 398 F.3d 1093, 1095 n.4 (9th Cir. 2005); *Stichting Pensioenfonds ABP v. Countrywide Fin. Corp.,* 802 F. Supp. 2d 1125, 1132 (C.D. Cal. 2011); *Rozier v. Dep't of Homeland Sec. Fed. Protective Serv.*, No. 2:21-cv-07232-SB-AFM, 2022 WL 2199938, at *3 (C.D. Cal. Mar. 7, 2022); *Wells v. FAA*, No. 3:22-cv-00187-JMK, slip op. at 2 (D. Alaska Sept. 12, 2023). Accordingly, the Court dismisses the conspiracy claim with leave to amend.

Therefore, only the false reports claim remains for the Court's consideration. Defendants assert several arguments for dismissal, all of which are unavailing. First, Defendants assert that "false reports" is not a cause of action and that his claim must fail for not properly alleging it as a violation of Fourteenth Amendment Due Process for deliberate fabrication of evidence. *Mot*. 11:6–9. However, it is clear from the complaint that Brown is alleging deliberate fabrication of evidence and even specifically invokes the Fourteenth Amendment. *See* FAC ¶¶ 17, 32. Brown alleged that Officer Soto made false statements in the police report that Brown was resisting arrest "to cover up their infliction of excessive force on Plaintiff." FAC ¶ 32. Further, Brown alleges that the lack of sound for the period of time in dispute was the result of "foul play by the Defendants." FAC ¶¶ 17, 32. Regardless the label, the substance of Brown's claim is clearly an allegation of deliberate fabrication.

Defendants next argue that Brown has failed to state "facts that Defendants continued their investigation of Brown despite knowing he was innocent." *Mot*. 12:10–12. "[T]here is a clearly established constitutional due process right not to be subjected to criminal charges on the basis of false evidence that was deliberately fabricated by the government." *Deveraux v. Abbey*, 263 F.3d 1070, 1074–75 (9th Cir. 2001). In *Deveraux*, the Ninth Circuit stated that the Plaintiff "must, *at a minimum,* point to evidence that

7

1  supports at least one of the following two propositions: (1) Defendants continued their
2  investigation of [the plaintiff] despite the fact that they knew or should have known that
3  he was innocent; or (2) Defendants used investigative techniques that were so coercive
4  and abusive that they knew or should have known that those techniques would yield
5  false information." *Id.* at 1076.  However, the Ninth Circuit has since made clear "those
6  methods of proving deliberate fabrication [in *Deveraux*] are unnecessary in a case
7  involving *direct evidence* of deliberate fabrication." *Spencer v. Peters*, 857 F.3d 789, 799 (9th
8  Cir. 2017); *see also Costanich v. Dep't of Soc. and Health Servs.*, 627 F.3d 1101, 1111 (9th Cir.
9  2010).  When the claim is that the police have cooked up their own evidence or
10 manipulated evidence to fit their narrative, the officers' beliefs or knowledge of
11 innocence are irrelevant.  *See Spencer*, 857 F.3d at 800 ("In sum, the Constitution prohibits
12 the deliberate fabrication of evidence whether or not the officer knows that the person is
13 innocent.").  Because we are at the motion to dismiss stage, Brown need not point to
14 direct evidence.  It is sufficient that he has alleged the officers purposefully included false
15 statements in the police report and potentially manipulated the dash cam recording.

16       Defendants further argue that even if the statements that Brown was resisting
17 arrest were false, Brown has failed to state facts to support that the alleged discrepancy is
18 more than mere carelessness or technical inaccuracy.  *Mot*. 12:14–17.  To be certain, mere
19 carelessness or technical inaccuracy in a police report does not give rise to a
20 constitutional claim.  *See Spencer*, 857 F.3d at 798; *O'Doan v. Sanford*, 991 F.3d 1027, 1046
21 (9th Cir. 2021).  However, the allegations of fabrication in FAC go far beyond mere
22 carelessness or technical inaccuracy, which would be things like writing the suspects
23 address down incorrectly or poorly describing an accident scene.  The complaint alleges
24 that Defendants made a deliberate choice to lie and took active steps to manipulate
25 evidence to the contrary.  FAC ¶¶ 17, 32. Taken as true, these intentional actions cannot
26 possibly be construed as mere carelessness or technical inaccuracy.

27
28

Lastly, Defendants assert that the alleged fabrication has not harmed Brown. *Mot.* 12:18. Defendants argue that Brown's primary injury was having to retain counsel to defend him in DMV proceedings which would have occurred even if the allegedly false statements were not included in the report because Brown would have still been arrested and faced criminal charges for driving under the influence, refusing a chemical test, and driving without insurance. *Mot*. 12:18–26. However, these were not the only criminal charges the FAC alleges the report recommended. FAC ¶ 18. The report also recommended he be charged with a violation of Penal Code Section 148(a)(1) for delaying, obstructing, or resisting arrest. *Id.* Though the charges against Brown were ultimately dropped, the right is to be free from being "*subjected to criminal charges* on the basis of false evidence that was deliberately fabricated by the government." *Deveraux*, 263 F.3d at 1074–75. The fact that Brown was *subjected to criminal charges* based upon fabricated evidence is sufficient injury in and of itself, even if never prosecuted. *See Caldwell v. City and Cnty. of S.F.*, 889 F.3d 1105, 1115 (9th Cir. 2018).

Thus, the Court DENIES Defendants' Motion to Dismiss the Claims of Malicious Prosecution and Deliberate Fabrication of Evidence. However, the Court GRANTS Defendants' Motion to Dismiss the Conspiracy Claim with leave to amend.

**C. Deliberate Indifference to Serious Medical Needs Claim**

Defendants also seek dismissal of Brown's third claim for deliberate indifference to serious medical needs. Defendants argue that Brown's claim must be dismissed because Brown failed to allege that the Defendants were aware of his injuries. "Claims for violations of the right to adequate medical care 'brought by pretrial detainees against individual defendants under the Fourteenth Amendment' must be evaluated under an objective deliberate indifference standard." *Gordon v. Cnty. of Orange*, 888 F.3d 1118, 1124–25 (9th Cir. 2018) (quoting *Castro v. Cnty. of L.A.*, 883 F.3d 1060, 1070 (9th Cir. 2016). "[T]he elements of a pretrial detainee's medical care claim against an individual defendant under the due process clause of the Fourteenth Amendment are: (i) the

defendant made an intentional decision with respect to the conditions under which the plaintiff was confined; (ii) those conditions put the plaintiff at substantial risk of suffering serious harm; (iii) the defendant did not take reasonable available measures to abate that risk, even though a reasonable official in the circumstances would have appreciated the high degree of risk involved—making the consequences of the defendant's conduct obvious; and (iv) by not taking such measures, the defendant caused the plaintiff's injuries." *Gordon*, 888 F.3d at 1125.

Brown alleges he suffered serious injuries and his access to medical care was delayed until after a blood alcohol test was performed. FAC ¶¶ 19–20, 23–24. However, as Defendants point out, the FAC does not state that Brown expressed to the officers how severe his pain was or that Brown believed he needed prompt medical attention. Nor does the FAC allege that the pain or need for medical attention would have been plainly evident to the officers. In absence of alleged facts that indicate Defendants were aware of Brown's injuries, the Court cannot infer that the Defendants made an intentional decision regarding those injuries and, therefore, Brown has failed to state a claim that Defendants were deliberately indifferent to his medical needs.

Accordingly, the Court GRANTS Defendants' Motion to Dismiss the Third Claim of Deliberate Indifference to Serious Medical Needs. Because this defect can be cured by amendment, the dismissal is with leave to amend. *See Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000).

**IV. CONCLUSION**

For the reasons stated above, Defendants' Motion to Dismiss is DENIED in part and GRANTED in part with leave to amend.

**IT IS SO ORDERED.**
Dated: January 24, 2024

_____
DEAN D. PREGERSON
UNITED STATES DISTRICT JUDGE

10